IN THE UNITED STATES DISTRICT CLERK
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **DON MALLORY** § | | **COMPLAINT FOR BREACH OF** |
| on behalf of himself and a § | | **FIDUCIARY DUTY** |
| class of persons similarly situated, § | | |
| § | | |
| Plaintiff, § | | **PROPOSED CLASS ACTION** |
| § | | |
| vs. § | | **CASE NO. 7:16-cv-00248** |
| § | | |
| **LEASE SUPERVISORS, LLC and** § | | |
| **O'RYAN COMPANIES BENEFIT** § | | |
| **PLAN – LEASE SUPERVISORS.** § | | |
| § | | |
| Defendant. § | | |

**DEFENDANT'S RESPONSE TO**
**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Defendant, Lease Supervisors, LLC, on behalf of itself and the O'Ryan Companies Benefit Plan – Lease Supervisors ("Defendant") files this, its Response to Plaintiff's Motion for Class Certification as follows:

**I.**
**SUMMARY**

This case concerns Defendant's alleged failure to timely make contributions to an "employee benefit plan," as defined by the Employment Retirement Income Security Act ("ERISA"). Plaintiff claims the plan allowed plan participants to contribute a certain percentage of their income towards the plan, with Defendant also making contributions to the participant's account. The participants could direct the investments of their contributions into various investment options available in the "plan."

On June 29, 2016, Plaintiff filed his original class action complaint, seeking monetary relief and injunctive relief.  On December 2, 2016, Plaintiff moved to certify a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure, the motion that is currently before the Court.

Plaintiff's motion should be denied because a "rigorous analysis" reveals that Plaintiff has failed to meet his burden to certify a class.  Plaintiff seeks monetary relief in his Complaint, which is inappropriate for class certification under Rule 23(b)(2).  Plaintiff has also failed to demonstrate that the class has the requisite numbers involved so that joinder is impracticable.  Defendant respectfully requests that Plaintiff's motion to certify a class be denied.

## II.
## STANDARD

To certify a class under Rule 23, Plaintiff must prove that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).  To justify a certification under Rule 23(b)(2), Plaintiff must demonstrate that the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.  *Id.* 23(b)(2).

Plaintiff bears the burden of proving that all the Rule 23 requirements are satisfied. *See Castano v. American Tobacco Co.,* 84 F.3d 734, 740 (5th Cir. 1996).  This is more than a burden to plead facts, but a burden to bring forth ***proof*** supporting the class certification.  *See id.*; *see also Wal–Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350-51 (2011) ("Rule 23 does not set forth a

mere pleading standard.  A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc.").

Rule 23 invokes due process concerns because absent class members are conclusively bound by the judgment in any class action brought on their behalf.  *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 480 (5th Cir. 2001).  Because of the due process concerns inherent in class-certification decisions, the Supreme Court requires district courts to safeguard the absent parties by conducting a rigorous analysis of Rule 23 prerequisites.  *Unger v. Amedisys, Inc.*, 401 F.3d 316, 320 (5th Cir. 2005).   Even where both sides stipulate to certification "the court is bound to conduct its *own* thorough rule 23(a) inquiry."  *Stirman v. Exxon Corp.*, 280 F.3d 554, 563 n.7 (5th Cir. 2002) (emphasis added).  In other words, the district court must conduct a "rigorous analysis" of *all* the requirements for certification under Rule 23.

## III.
## ARGUMENTS AND AUTHORITIES

### A. Relief Under Rule 23(b)(2) Is Inappropriate

Plaintiff seeks to certify a class under Rule 23(b)(2), which is inappropriate in this case.  By his complaint, Plaintiff seeks "a monetary payment" from Defendant to "make good" on the alleged losses incurred by Defendant's alleged failure to timely deposit contributions into the class member's investment accounts.  (*See* Dkt. 1, ¶28).   "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class."  *Dukes*, 564 U.S. at 360.   A Rule 23(b)(2) class certification is not appropriate "when each individual class member would be entitled to a *different* injunction or declaratory judgment" or when "each class member would be entitled to an *individualized* award of monetary damages."  *Id.* at 360-61 (emphasis added).  Plaintiff's Complaint seeks such individualized relief.

Plaintiff's Complaint indicates that each proposed class member established individualized accounts selecting unique investment portfolios based upon the investment options available in the "plan." (*See* Dkt. 1, ¶¶10-11). Any monetary recovery sought from Defendant to "make good" on the alleged untimely deposits to individual investment accounts necessarily involves "individualized awards of monetary damages." *Dukes* at 361. Awarding monetary relief necessarily requires a determination of the effect, if any, of Defendant's alleged delay in depositing contributions to the individualized accounts. Any injunctive or declaratory relief likewise involves different injunctions or declaratory relief, as the investment accounts involve different investment options chosen by the purported class members. *Id.* at 360.

A class action under Rule 23(b)(2) is also inappropriate because the monetary relief sought is not "incidental" to the claims for injunctive relief.[1] Monetary relief is not appropriate under Rule 23(b)(2) unless the relief is merely "incidental" to the declaratory relief. *See Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 413 (5th Cir. 1998). Incidental damages are those that flow to the class "as a whole," are "not ***in any significant way*** dependent on the intangible, subjective differences of each class member's circumstances." *Id.* (emphasis added). Incidental damages "should not require additional hearings to resolve the disparate merits of each individual's case; it should neither introduce new substantial legal or factual issues, nor entail complex individualized determinations." *See id.* (emphasis added). Plaintiff cannot meet this test.

---

[1] While Plaintiff's Motion for Class Action alleges "Plaintiffs Lee and McPartlin"—who are not parties to this suit—"seek only declaratory and 'other equitable relief,'" this is not true of Plaintiff Don Mallory, who seeks "a monetary payment from [Defendant] to the Plan to make good to the Plan the losses resulting from [the alleged violations] . . . ." (*Compare* Dkt. 15 ¶7 *with* Dkt. 1 ¶28).

A determination of any monetary reward in this case is dependent upon the subjective differences of each class member's circumstances.  For Defendant to "make good" on the alleged untimely contributions, the monetary payment must be individualized to each member's account.  This determination is dependent upon the portfolio choices made by the class member; the varying contributions made by the employee, if any; the alleged time each contribution should have been made; the time when the contributions were made; and a calculation of the lost interest, if any, a timely contribution would have earned based on that particularly member's situation.  This analysis is complex, will introduce new substantial factual and legal issues, may require expert opinion, and is *significantly* dependent upon on the subjective differences of each class member's circumstances.  Class relief is inappropriate under Rule 23(b)(2).

### B. **Plaintiff Fails to Carry his Burden to Demonstrate "Numerosity"**

Class certification is also inappropriate because Plaintiff cannot show that the class is sufficiently numerous making joinder impracticable.  Rule 23(a) sets out four requirements that must be satisfied to obtain class certification under Rule 23(b), including the requirement that the class be so large that joinder would be impracticable.   Fed. R. Civ. P. 23(a)(1).   "'The raison d'etre of the class suit doctrine is necessity, which in turn depends upon the question of number.'" *Garcia v. Gloor*, 618 F.2d 264, 267 (5th Cir. 1980) (quoting 3B Moore's Federal Practice P 23.05, at 23-149 (2d ed. 1979)).  Whether joinder is "practical" or not depends on the class size, the ease of identifying its members, the ease of determining their addresses and affecting service on them, as well as their geographic dispersion. *Id.*

Here, Plaintiff presents *no* proof demonstrating that joinder is impracticable.  Plaintiff estimates that the class size is 25 persons, but fails to prove that the persons cannot be readily identifiable and are geographically dispersed.  While Plaintiff claims that he is not in possession

of the members' contact information, this does not demonstrate that joinder is impracticable. To the contrary, Plaintiff's pleadings indicate this information is easily identifiable, as the dispute purportedly concerns 25 "employees" participating in a retirement plan through the Defendant. (*See generally* Dkt. 1).

In contrast, Defendant presents evidence that the numerosity requirement is **_not_** met. The class consists of person that are readily identifiable, whose addresses or contact information is easily determined, and that are not geographically disperse, generally all residing in Texas. *See* Exhibit 1. Courts routinely deny certifications where the proposed class involves similarly small numbers of persons that are readily identifiable. *See, e.g.*, *Garcia*, 618 F.2d at 267 (5th Cir. 1980) (affirming denial of class certification where only 31 members involved); *Crawford v. W. Elec. Co., Inc.*, 614 F.2d 1300, 1305 (5th Cir. 1980) (upholding denial involving 34 purported class members); *see also Frazier v. Consol. Rail Corp.*, 851 F.2d 1447, 1456 (D.C. Cir. 1988) (upholding denial where only 28 members involved). Plaintiff has failed to carry his burden to demonstrate there are sufficient numbers involved such that joinder is impracticable.

### C. **Plaintiff Fails to Carry his Burden as to the Remaining Elements**

Class certification is also inappropriate because Plaintiff fails to demonstrate he is an adequate representative of the class. The adequacy of Plaintiff's representation cannot be assumed in absence of evidence to the contrary; instead, Plaintiff must demonstrate adequacy of representation. *See Berger v. Compaq Computer Corp.*, 257 F.3d 475, 480 (5th Cir. 2001). Class members are rendered inadequate where differences between the named plaintiff's and the class members involve conflicts of interests. *See Berger v. Compaq Computer Corp.*, 257 F.3d 475, 480 (5th Cir. 2001).

Contrary to Plaintiff's position, Defendant's alleged delay in depositing contributions does not necessitate the conclusion that all members are aligned or suffered an injury from such delay. Investments are inherently volatile. Depending on the timing of the deposit and the investment options selected by the member, it is conceivable that a member could have received a net benefit from Defendant's alleged delays. As to such members, they might be opposed to Plaintiff's request to undo the delayed deposits, or to find that such delay was a breach of any duty, or to any order enjoining Defendant from "delaying" deposits in the future. While Plaintiff makes a blanket statement that he is not in conflict with the class, he does not demonstrate that he is not in conflict with the members of the class.

For similar reasons, Plaintiff cannot demonstrate the factors of commonality and typicality. Plaintiff cannot show that his claim stemming from alleged losses resulting from alleged delays in depositing contributions is typical to the class. Plaintiff cannot show that the claimed breach of a fiduciary duty—the delayed contributions—was a breach as to each member. In sum, Plaintiff has failed to meet his burden of demonstrating each element under Rule 23. The Court should deny Plaintiff's request for class certification.

**IV.**

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court deny Plaintiff's request for certification of Class as a non-opt out class pursuant to Rule 23(b)(2) and grant Defendant such further relief, at law or in equity, both general and specific, to which it may be justly entitled.

                    Respectfully Submitted,

                    **SHAFER, DAVIS, O'LEARY & STOKER**
                    700 North Grant, Suite 201 (79761)
                    P.O. Drawer 1552
                    Odessa, Texas 79760
                    (432) 332-8093
                    (432) 333-5002

                    /s/ R. Layne Rouse
                    Stephen M. Steen, Jr.
                    State Bar No. 19111800
                    *Email: steen@shaferfirm.com*
                    R. Layne Rouse
                    State Bar No. 24066007
                    *Email: lrouse@shaferfirm.com*
                    **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record by electronic notification on this the 16th day of December, 2016, addresses as follows:

William S. Hommel, Jr.
State Bar No. 09934250
**Hommel Law Firm**
1404 Rice Road, Suite 200
Tyler, Texas 75703
Telephone: 903-596-7100
Facsimile:  469-533-1618

                    /s/ R. Layne Rouse
                    Stephen M. Steen, Jr.
                    R. Layne Rouse